UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLYMPIC STEEL LAFAYETTE, INC.,
an Ohio corporation,

    Plaintiff,

v

VALMONT INDUSTRIES, INC.,
a Delaware corporation,

    Defendant.

Case No.
Hon.

---

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
Daniel J. LaCombe (P38602)
Thomas F. Cavalier (P34683)
Attorneys for Plaintiff Olympic Steel Lafayette, Inc.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
dlacombe@bsdd.com
tcavalier@bsdd.com

---

## COMPLAINT

Plaintiff-Olympic Steel Lafayette, Inc., for its complaint against Defendant-Valmont Industries, Inc., states as follows:

### NATURE OF THE COMPLAINT

This action for breach of contract arises out of a purchase order dated May 19, 2008 for 4.0 Million pounds of steel issued by Valmont Industries, Inc. ("Valmont") to

Olympic Steel Lafayette, Inc. ("Olympic Lafayette"). Olympic Lafayette is a steel service center. Upon receipt of Valmont's purchase order, Olympic Lafayette ordered sufficient coils of steel from its mill supplier, AK Steel Corporation, processed the coils to Valmont's specifications, then shipped the processed coils to Valmont's plant in McCook, Nebraska where it was received beginning September 4, 2008. At the time that Valmont issued its purchase order, the market price for raw coils at the mill (prior to processing) was $55.00/cwt. Valmont accepted the steel from Olympic Lafayette and began further processing into rolled tubing. On or about November 3, 2008, Valmont refused to process any further steel coils into tubing, claiming that the steel did not meet the specifications in its purchase order. By that time, the market price for raw coils at the mill had fallen by 25% to approximately $41.00/cwt. Valmont thereafter refused to make further payment for the steel, leaving a current balance due under the purchase order of $791,894.12, exclusive of costs, interest and attorney fees.

## PARTIES

1.      Plaintiff-Olympic Lafayette is an Ohio corporation properly registered to do business and in fact doing business at 3600 North Military, Detroit, Michigan 48210. Olympic Lafayette is a subsidiary of Olympic Steel, Inc., also an Ohio corporation.

2.      Defendant-Valmont is a Delaware corporation registered to do business in Michigan through its agent, located at 30600 Telegraph Road, Suite 2345, Bingham

Farms, Michigan. Valmont operates a manufacturing facility located at 75 South Highway 83, McCook, Nebraska 69001.

## PERSONAL JURISDICTION

3. This action arose out of a purchase order issued by Valmont to Olympic Lafayette at its facility located in Detroit, Michigan on May 19, 2008. Olympic Lafayette purchased raw coils of steel from its mill supplier, which were received and processed at its facility in Detroit, Michigan, then shipped from that facility to Valmont's plant in McCook, Nebraska.

4. Valmont has regularly done business with Olympic Lafayette for steel products ordered from Olympic Lafayette's facility in Detroit and processed in that same facility. Valmont has issued 22 purchase orders, in addition to the one in controversy in this proceeding, to Olympic Lafayette in the past year. Valmont thereby has numerous contacts with the State of Michigan, in addition to the transaction in controversy in this proceeding.

5. Valmont has thereby purposefully availed itself of the benefits of conducting business in the Eastern District of Michigan and has the requisite contacts for the exercise of jurisdiction under M.C.L. 600.715(1).

## SUBJECT MATTER JURISDICTION

6. Olympic Lafayette is an Ohio corporation with its principal place of business in Detroit, Michigan.

7. Valmont is a Delaware corporation with its principal place of business in Omaha, Nebraska.

8. The amount in controversy exceeds $75,000, exclusive of set-offs, counterclaims, costs and fees.

9. Subject matter jurisdiction is therefore established based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

## VENUE

10. Valmont resides within the Eastern District of Michigan in accordance with 28 U.S.C. § 1391(c).

11. A substantial part of the events giving rise to the claims in this action arose in the Eastern District of Michigan.

12. Venue is therefore properly laid in this Court pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

13. On May 19, 2008, Defendant-Valmont issued its Purchase Order No. Q199970 ("Purchase Order") to Plaintiff-Olympic Lafayette. Appendix A.

14. That Purchase Order was for 4.0 Million pounds of coiled steel at $.556/pound for a total contract price of $2,120,000.00.

15. The Purchase Order specified the chemistry of the steel as "C1015", a common reference in the industry to the Society of Automotive Engineers ("SAE") classification 1015, as further described in the SAE publication "Ferrous Materials Standards Manual".

16. At the time Valmont issued its Purchase Order, raw coils of steel of this type were selling at or near a peak market price of $55.00/cwt.

17. Olympic Lafayette received Valmont's Purchase Order and in turn placed an order to Olympic Lafayette's mill, AK Steel Corporation ("AK Steel") for a sufficient quantity of raw coils of steel to meet the quantity and quality specified in Valmont's Purchase Order.

18. AK Steel thereafter shipped the raw coils to Olympic Lafayette's processor. The coils were slit to Valmont's specifications and further processed for delivery to Valmont's plant in McCook, Nebraska.

19. Olympic Lafayette delivered to Valmont the first coils due under the Purchase Order on or before September 4, 2008.

20.     On or about September 18, 2008, Valmont informed Olympic Lafayette that it (Valmont) had processed into tubing some 40 coils of the steel and was experiencing average scrap rates of 5.35%.

21.     Valmont eventually claimed that its scrap rate was elevated due to the chemistry of the steel. Specifically, Valmont claimed that, contrary to the express language of its Purchase Order, it actually intended to order steel under the ASTM specification "1011".

22.     The only reference in Valmont's Purchase Order to "1011" is at the description of the "Site", which is specified as "1011". Upon information and belief, Valmont has a plant location or "site" numbered 1011 to which the steel was delivered by Olympic Lafayette.

23.     Valmont also attempted to support its claim by providing a schedule of its scrap rates. However, those scrap rates varied widely, from a negligible rate of 1.84% to a much higher rate of 39% using coils of exactly the same chemistry, produced in the same "heat" at AK Steel, and eventually processed by Valmont on the same date. Thus, the chemistry of the steel does not correlate in any way with Valmont's varying scrap rates.

24.     Furthermore, Valmont has claimed that the elements of copper, nickel, chromium and molybdenum in SAE 1015 steel permissibly exceed the standards of ASTM 1011 steel. Laboratory testing has established, however, that the percentage of these

elements in test samples of coils provided by Valmont were actually less than the ASTM standards under which Valmont claims it intended to order.

25.     Olympic Lafayette therefore requested an 8D root cause analysis – the standard in the industry – of Valmont's tube rolling process to verify Valmont's claim that its high scrap rates were due to the chemistry of the steel. Valmont refused to provide that analysis. Valmont also refused the requests of Olympic Lafayette to inspect the material and Valmont's process at its facility.

26.     All of the steel ordered by Valmont was delivered and invoiced by Olympic Lafayette as of October 14, 2008.

27.     Valmont accepted all of the steel pursuant to the terms of the invoices of Olympic Lafayette.

28.     Payment in full for the steel was due net 30 days of delivery under the payment terms of Valmont's Purchase Order.

29.     Pursuant to the payment terms of Valmont's Purchase Order, the full amount due and owing as of this date for delivered material is $791,894.12, exclusive of interest, incidental costs and attorney fees.

30.     Most recently, Valmont has informed Olympic Lafayette that is has "quarantined" approximately 850 tons of steel delivered by Olympic Lafayette, refuses to

run the coils in its tubing process and refuses to pay Olympic Lafayette in accordance with the terms of its Purchase Order or the invoices of Olympic Lafayette (Appendix B).

31. Currently, the market price for raw coils of steel is little more than 50% of the price at the time that Valmont issued its Purchase Order to Olympic Lafayette.

## BREACH OF CONTRACT

32. Olympic Lafayette incorporates herein, by reference, the previous allegations set forth in its Complaint.

33. The terms of the Purchase Order of Valmont, together with the terms set forth in the invoices of Olympic Lafayette constitute a binding enforceable contract.

34. Olympic Lafayette has fully performed its duties under the contract by delivering steel in conformance with the specifications in the Purchase Order of Valmont.

35. Valmont has accepted delivery of the steel under the controlling law and the terms of the invoices of Olympic Lafayette.

36. Valmont has materially breached the contract by failing to make timely payment for the delivered steel in accordance with the terms set forth in its own Purchase Order and the invoices of Olympic Lafayette.

37. Olympic Lafayette has been damaged by the continuing breach of contract by Valmont in refusing to pay Olympic Lafayette in full in accordance with the contract terms.

WHEREFORE, Plaintiff-Olympic Lafayette requests a judgment in the full amount owed to Olympic Lafayette under the contract, together with interests, costs, reasonable attorney fees and all further relief to Olympic Lafayette that this Honorable Court finds just and equitable.

> Respectfully submitted,
>
> BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
> By:   /s/
>       Daniel J. LaCombe (P38602)
>       Thomas F. Cavalier (P34683)
> Attorneys for Plaintiff Olympic Steel Lafayette, Inc.
> 211 West Fort Street, 15th Floor
> Detroit, Michigan 48226-3281
> (313) 965-9725
> dlacombe@bsdd.com
> tcavalier@bsdd.com

## JURY DEMAND

Plaintiff-Olympic Steel Lafayette, Inc. hereby demands a trial by jury of all issues so triable.

> Respectfully submitted,
>
> BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
> By:   /s/
>       Daniel J. LaCombe (P38602)
>       Thomas F. Cavalier (P34683)
> Attorneys for Plaintiff Olympic Steel Lafayette, Inc.
> 211 West Fort Street, 15th Floor
> Detroit, Michigan 48226-3281
> (313) 965-9725
> dlacombe@bsdd.com
> tcavalier@bsdd.com

Dated: January 22, 2009

f:\docsopen\dlacombe\l-cmp\0368344.01